1 │ TRACY L. WILKISON
United States Attorney
2 │ SCOTT M. GARRINGER
Assistant United States Attorney
3 │ Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
4 │ Assistant United States Attorney
Santa Ana Branch Office
5 │     8000 United States Courthouse
    411 West Fourth Street
6 │     Santa Ana, California 92701
    Telephone: (714) 338-3531
7 │     Facsimile: (714) 338-3708
    E-mail:    kristin.spencer@usdoj.gov
8 │
Attorneys for Plaintiff
9 │ UNITED STATES OF AMERICA

10 │            UNITED STATES DISTRICT COURT

11 │        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 │ UNITED STATES OF AMERICA,          No. SA CR 21-00213-CJC-1

13 │           Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                       ADRIAN POPESCU
14 │              v.

15 │ ADRIAN POPESCU,

16 │           Defendant.

17 │

18 │     1.    This constitutes the plea agreement between ADRIAN POPESCU

19 │ ("defendant") and the United States Attorney's Office for the Central

20 │ District of California (the "USAO") in the above-captioned case.

21 │ This agreement is limited to the USAO and cannot bind any other

22 │ federal, state, local, or foreign prosecuting, enforcement,

23 │ administrative, or regulatory authorities.

24 │                  DEFENDANT'S OBLIGATIONS

25 │     2.    Defendant agrees to:

26 │         a.    At the earliest opportunity requested by the USAO and

27 │ provided by the Court, appear and plead guilty to count two of the

28 │ indictment in United States v. ADRIAN POPESCU, et al., SA CR No. 21-

1   213-CJC, which charges defendant with Possession of Access Device

2   Making Equipment in violation of 18 U.S.C. § 1029(a)(4).

3           b.    Not contest facts agreed to in this agreement.

4           c.    Abide by all agreements regarding sentencing contained

5   in this agreement.

6           d.    Appear for all court appearances, surrender as ordered

7   for service of sentence, obey all conditions of any bond, and obey

8   any other ongoing court order in this matter.

9           e.    Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12  within the scope of this agreement.

13          f.    Be truthful at all times with the United States

14  Probation and Pretrial Services Office and the Court.

15          g.    Pay the applicable special assessment at or before the

16  time of sentencing unless defendant has demonstrated a lack of

17  ability to pay such assessments.

18                          THE USAO'S OBLIGATIONS

19  3.    The USAO agrees to:

20          a.    Not contest facts agreed to in this agreement.

21          b.    Abide by all agreements regarding sentencing contained

22  in this agreement.

23          c.    At the time of sentencing, move to dismiss the

24  remaining counts of the indictment as against defendant.  Defendant

25  agrees, however, that at the time of sentencing the Court may

26  consider any dismissed charges in determining the applicable

27  Sentencing Guidelines range, the propriety and extent of any

28  departure from that range, and the sentence to be imposed.

                                    2

1    d.    At the time of sentencing, provided that defendant

2  demonstrates an acceptance of responsibility for the offense up to

3  and including the time of sentencing, recommend a two-level reduction

4  in the applicable Sentencing Guidelines offense level, pursuant to

5  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6  additional one-level reduction if available under that section.

7    e.    Recommend that defendant be sentenced to a term of

8  imprisonment no higher than the low end of the applicable Sentencing

9  Guidelines range, provided that the offense level used by the Court

10  to determine that range is 10 or higher and provided that the Court

11  does not depart downward in offense level or criminal history

12  category.  For purposes of this agreement, the low end of the

13  Sentencing Guidelines range is that defined by the Sentencing Table

14  in U.S.S.G. Chapter 5, Part A.

15                        NATURE OF THE OFFENSE

16    4.    Defendant understands that for defendant to be guilty of

17  the crime charged in count two, that is, Possession of Access Device

18  Making Equipment, in violation of Title 18, United States Code,

19  Section 1029(a)(4), the following must be true: (1) the defendant

20  knowingly had custody or control of device-making equipment; (2) the

21  defendant acted with intent to defraud; and (3) the defendant's

22  conduct in some way affected commerce between one state and another

23  state, or between a state of the United States and a foreign country.

24                             PENALTIES

25    5.    Defendant understands that the statutory maximum sentence

26  that the Court can impose for a violation of Title 18, United States

27  Code, Section 1029(a)(4), is: fifteen years imprisonment; a three-

28  year period of supervised release; a fine of $250,000 or twice the

                                    3

1  gross gain or gross loss resulting from the offense, whichever is
2  greatest; and a mandatory special assessment of $100.

3      6.   Defendant understands that supervised release is a period
4  of time following imprisonment during which defendant will be subject
5  to various restrictions and requirements.  Defendant understands that
6  if defendant violates one or more of the conditions of any supervised
7  release imposed, defendant may be returned to prison for all or part
8  of the term of supervised release authorized by statute for the
9  offense that resulted in the term of supervised release, which could
10  result in defendant serving a total term of imprisonment greater than
11  the statutory maximum stated above.

12      7.   Defendant understands that, by pleading guilty, defendant
13  may be giving up valuable government benefits and valuable civic
14  rights, such as the right to vote, the right to possess a firearm,
15  the right to hold office, and the right to serve on a jury. Defendant
16  understands that he is pleading guilty to a felony and that it is a
17  federal crime for a convicted felon to possess a firearm or
18  ammunition.  Defendant understands that the conviction in this case
19  may also subject defendant to various other collateral consequences,
20  including but not limited to revocation of probation, parole, or
21  supervised release in another case and suspension or revocation of a
22  professional license.  Defendant understands that unanticipated
23  collateral consequences will not serve as grounds to withdraw
24  defendant's guilty plea.

25      8.   Defendant understands that, if defendant is not a United
26  States citizen, the felony conviction in this case may subject
27  defendant to: removal, also known as deportation, which may, under
28  some circumstances, be mandatory; denial of citizenship; and denial

4

1 of admission to the United States in the future.  The Court cannot,
2 and defendant's attorney also may not be able to, advise defendant
3 fully regarding the immigration consequences of the felony conviction
4 in this case.  Defendant understands that unexpected immigration
5 consequences will not serve as grounds to withdraw defendant's guilty
6 plea.

7                              FACTUAL BASIS

8      9.   Defendant admits that defendant is, in fact, guilty of the
9 offense to which defendant is agreeing to plead guilty.  Defendant
10 and the USAO agree to the statement of facts provided below and agree
11 that this statement of facts is sufficient to support a plea of
12 guilty to the charge described in this agreement and to establish the
13 Sentencing Guidelines factors set forth in paragraph 11 below but is
14 not meant to be a complete recitation of all facts relevant to the
15 underlying criminal conduct or all facts known to either party that
16 relate to that conduct.

17      On or about November 16, 2021, in Irvine, California, within the
18 Central District of California, defendant and his co-defendant, Ionut
19 Daniel Bilea, installed an ATM Skimming Device -- which is a device
20 that can be inserted into a bank automated teller machine ("ATM") in
21 order to capture card numbers from debit and/or credit cards that are
22 inserted into the ATM -- inside of a Bank of America ATM located at
23 3881 Alton Parkway in Irvine, California.  In so doing, defendant
24 intended to defraud Bank of America by acquiring debit card numbers
25 from Bank of America customers, which could then be used to make
26 fraudulent withdrawals from Bank of America customer accounts.
27 Because Bank of America is a nationwide, federally-insured financial
28 institution, defendant's conduct affected interstate commerce.

1
SENTENCING FACTORS

2      10.  Defendant understands that in determining defendant's
3 sentence the Court is required to calculate the applicable Sentencing
4 Guidelines range and to consider that range, possible departures
5 under the Sentencing Guidelines, and the other sentencing factors set
6 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
7 Sentencing Guidelines are advisory only, that defendant cannot have
8 any expectation of receiving a sentence within the calculated
9 Sentencing Guidelines range, and that after considering the
10 Sentencing Guidelines and the other § 3553(a) factors, the Court will
11 be free to exercise its discretion to impose any sentence it finds
12 appropriate up to the maximum set by statute for the crime of
13 conviction.

14      11.  Defendant and the USAO agree to the following applicable
15 Sentencing Guidelines factors:

16   Base Offense Level:              6              [U.S.S.G. § 2B1.1(a)(1)]

17   Possession of Device       Increase to                     [U.S.S.G.
     Making Equipment:              12             § 2B1.1(b)(11)(A)(1)]
18

19 Defendant and the USAO reserve the right to argue that additional
20 specific offense characteristics, adjustments, and departures under
21 the Sentencing Guidelines are appropriate.

22      12.  Defendant understands that there is no agreement as to
23 defendant's criminal history or criminal history category.

24      13.  Defendant and the USAO reserve the right to argue for a
25 sentence outside the sentencing range established by the Sentencing
26 Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
27 (a)(2), (a)(3), (a)(6), and (a)(7).

28

6

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.   The right to confront and cross-examine witnesses against defendant.

      f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

1  appeal defendant's conviction on the offense to which defendant is
2  pleading guilty.  Defendant understands that this waiver includes,
3  but is not limited to, arguments that the statute to which defendant
4  is pleading guilty is unconstitutional, and any and all claims that
5  the statement of facts provided herein is insufficient to support
6  defendant's plea of guilty.

7                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8       16.  Defendant agrees that, provided the Court imposes a total
9  term of imprisonment on all counts of conviction of no more than the
10 high end of the guidelines range associated with an offense level of
11 10 and the criminal history category determined by the Court,
12 defendant gives up the right to appeal all of the following: (a) the
13 procedures and calculations used to determine and impose any portion
14 of the sentence; (b) the term of imprisonment imposed by the Court;
15 (c) the fine imposed by the Court, provided it is within the
16 statutory maximum; (d) to the extent permitted by law, the
17 constitutionality or legality of defendant's sentence, provided it is
18 within the statutory maximum; (e) the term of probation or supervised
19 release imposed by the Court, provided it is within the statutory
20 maximum; and (f) any of the following conditions of probation or
21 supervised release imposed by the Court: the conditions set forth in
22 Second Amended General Order 20-04 of this Court; the drug testing
23 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
24 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).
25      17.  The USAO agrees that, provided (a) all portions of the
26 sentence are at or below the statutory maximum specified above and
27 (b) the Court imposes a term of imprisonment of no less than the low
28 end of the guidelines range associated with an offense level of 10

1 │ and the criminal history category determined by the Court, the USAO

2 │ gives up its right to appeal any portion of the sentence.

3 │ RESULT OF WITHDRAWAL OF GUILTY PLEA

4 │     18.   Defendant agrees that if, after entering a guilty plea

5 │ pursuant to this agreement, defendant seeks to withdraw and succeeds

6 │ in withdrawing defendant's guilty plea on any basis other than a

7 │ claim and finding that entry into this plea agreement was

8 │ involuntary, then (a) the USAO will be relieved of all of its

9 │ obligations under this agreement; and (b) should the USAO choose to

10 │ pursue any charge that was either dismissed or not filed as a result

11 │ of this agreement, then (i) any applicable statute of limitations

12 │ will be tolled between the date of defendant's signing of this

13 │ agreement and the filing commencing any such action; and

14 │ (ii) defendant waives and gives up all defenses based on the statute

15 │ of limitations, any claim of pre-indictment delay, or any speedy

16 │ trial claim with respect to any such action, except to the extent

17 │ that such defenses existed as of the date of defendant's signing this

18 │ agreement.

19 │ EFFECTIVE DATE OF AGREEMENT

20 │     19.   This agreement is effective upon signature and execution of

21 │ all required certifications by defendant, defendant's counsel, and an

22 │ Assistant United States Attorney.

23 │ BREACH OF AGREEMENT

24 │     20.   Defendant agrees that if defendant, at any time after the

25 │ signature of this agreement and execution of all required

26 │ certifications by defendant, defendant's counsel, and an Assistant

27 │ United States Attorney, knowingly violates or fails to perform any of

28 │ defendant's obligations under this agreement ("a breach"), the USAO

1  may declare this agreement breached.  All of defendant's obligations
2  are material, a single breach of this agreement is sufficient for the
3  USAO to declare a breach, and defendant shall not be deemed to have
4  cured a breach without the express agreement of the USAO in writing.
5  If the USAO declares this agreement breached, and the Court finds
6  such a breach to have occurred, then: (a) if defendant has previously
7  entered a guilty plea pursuant to this agreement, defendant will not
8  be able to withdraw the guilty plea, and (b) the USAO will be
9  relieved of all its obligations under this agreement.

10      21.  Following the Court's finding of a knowing breach of this
11  agreement by defendant, should the USAO choose to pursue any charge
12  that was either dismissed or not filed as a result of this agreement,
13  then:

14          a.  Defendant agrees that any applicable statute of
15  limitations is tolled between the date of defendant's signing of this
16  agreement and the filing commencing any such action.

17          b.  Defendant waives and gives up all defenses based on
18  the statute of limitations, any claim of pre-indictment delay, or any
19  speedy trial claim with respect to any such action, except to the
20  extent that such defenses existed as of the date of defendant's
21  signing this agreement.

22          c.  Defendant agrees that: (i) any statements made by
23  defendant, under oath, at the guilty plea hearing (if such a hearing
24  occurred prior to the breach); (ii) the agreed to factual basis
25  statement in this agreement; and (iii) any evidence derived from such
26  statements, shall be admissible against defendant in any such action
27  against defendant, and defendant waives and gives up any claim under
28  the United States Constitution, any statute, Rule 410 of the Federal

1  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
2  Procedure, or any other federal rule, that the statements or any
3  evidence derived from the statements should be suppressed or are
4  inadmissible.

5                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
6                             OFFICE NOT PARTIES

7       22.   Defendant understands that the Court and the United States
8  Probation and Pretrial Services Office are not parties to this
9  agreement and need not accept any of the USAO's sentencing
10 recommendations or the parties' agreements to facts or sentencing
11 factors.

12      23.   Defendant understands that both defendant and the USAO are
13 free to: (a) supplement the facts by supplying relevant information
14 to the United States Probation and Pretrial Services Office and the
15 Court, (b) correct any and all factual misstatements relating to the
16 Court's Sentencing Guidelines calculations and determination of
17 sentence, and (c) argue on appeal and collateral review that the
18 Court's Sentencing Guidelines calculations and the sentence it
19 chooses to impose are not error, although each party agrees to
20 maintain its view that the calculations in paragraph 11 are
21 consistent with the facts of this case.  While this paragraph permits
22 both the USAO and defendant to submit full and complete factual
23 information to the United States Probation and Pretrial Services
24 Office and the Court, even if that factual information may be viewed
25 as inconsistent with the facts agreed to in this agreement, this
26 paragraph does not affect defendant's and the USAO's obligations not
27 to contest the facts agreed to in this agreement.
28

1    24.   Defendant understands that even if the Court ignores any

2  sentencing recommendation, finds facts or reaches conclusions

3  different from those agreed to, and/or imposes any sentence up to the

4  maximum established by statute, defendant cannot, for that reason,

5  withdraw defendant's guilty plea, and defendant will remain bound to

6  fulfill all defendant's obligations under this agreement.   Defendant

7  understands that no one -- not the prosecutor, defendant's attorney,

8  or the Court -- can make a binding prediction or promise regarding

9  the sentence defendant will receive, except that it will be within

10  the statutory maximum.

11                      NO ADDITIONAL AGREEMENTS

12    25.   Defendant understands that, except as set forth herein,

13  there are no promises, understandings, or agreements between the USAO

14  and defendant or defendant's attorney, and that no additional

15  promise, understanding, or agreement may be entered into unless in a

16  writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney


_____        March 31, 2022
KRISTIN N. SPENCER                        _____
Assistant United States Attorney          Date

_____        March 23, 2022
ADRIAN POPESCU                            _____
Defendant                                 Date

_____        March 23, 2022
DANIEL BEHESNILIAN                        _____
Attorney for Defendant ADRIAN             Date
POPESCU



                    CERTIFICATION OF DEFENDANT

    I have read this agreement in its entirety ~~and this agreement has been read to me in Romanian, the language I understand best~~.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

                               13

1  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  No promises, inducements, or representations of any kind have been

4  made to me other than those contained in this agreement.  No one has

5  threatened or forced me in any way to enter into this agreement.  I

6  am satisfied with the representation of my attorney in this matter,

7  and I am pleading guilty because I am guilty of the charge and wish

8  to take advantage of the promises set forth in this agreement, and

9  not for any other reason.

10

11  _____          March 23, 2022
    ADRIAN POPESCU                             _____
    Defendant                                  Date

12

13

14                    CERTIFICATION OF INTERPRETER

15      I, _____, am fluent in the written and spoken

16  English and Romanian languages.  I accurately translated this entire

17  agreement from English into Romanian to defendant ADRIAN POPESCU on

18  this date.

19

20  _____          _____
    INTERPRETER                                Date

21

22

23              CERTIFICATION OF DEFENDANT'S ATTORNEY

24      I am ADRIAN POPESCU's attorney.  I have carefully and thoroughly

25  discussed every part of this agreement with my client.  Further, I

26  have fully advised my client of his rights, of possible pretrial

27  motions that might be filed, of possible defenses that might be

28  asserted either prior to or at trial, of the sentencing factors set

                              14

1  213-CJC, which charges defendant with Possession of Access Device

2  Making Equipment in violation of 18 U.S.C. § 1029(a)(4).

3         b.    Not contest facts agreed to in this agreement.

4         c.    Abide by all agreements regarding sentencing contained

5  in this agreement.

6         d.    Appear for all court appearances, surrender as ordered

7  for service of sentence, obey all conditions of any bond, and obey

8  any other ongoing court order in this matter.

9         e.    Not commit any crime; however, offenses that would be

10 excluded for sentencing purposes under United States Sentencing

11 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12 within the scope of this agreement.

13        f.    Be truthful at all times with the United States

14 Probation and Pretrial Services Office and the Court.

15        g.    Pay the applicable special assessment at or before the

16 time of sentencing unless defendant has demonstrated a lack of

17 ability to pay such assessments.

18                    THE USAO'S OBLIGATIONS

19    3.   The USAO agrees to:

20        a.    Not contest facts agreed to in this agreement.

21        b.    Abide by all agreements regarding sentencing contained

22 in this agreement.

23        c.    At the time of sentencing, move to dismiss the

24 remaining counts of the indictment as against defendant.  Defendant

25 agrees, however, that at the time of sentencing the Court may

26 consider any dismissed charges in determining the applicable

27 Sentencing Guidelines range, the propriety and extent of any

28 departure from that range, and the sentence to be imposed.

1  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  To my knowledge: no promises, inducements, or representations of any

4  kind have been made to my client other than those contained in this

5  agreement; no one has threatened or forced my client in any way to

6  enter into this agreement; my client's decision to enter into this

7  agreement is an informed and voluntary one; and the factual basis set

8  forth in this agreement is sufficient to support my client's entry of

9  a guilty plea pursuant to this agreement.

10

11  DANIEL BEHESNILIAN
    Attorney for Defendant ADRIAN
12  POPESCU

3/23/22
Date

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15